# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of David Charles Johnston, Respondent.

Appellate Case No. 2024-001819

Opinion No. 28292
Submitted June 12, 2025 – Filed July 23, 2025

### DEFINITE SUSPENSION

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Jeffrey Ian Silverberg,
both of Columbia, for the Office of Disciplinary Counsel.

Charles Anton George, of Goose Creek, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension of up to six months.  We accept the Agreement and suspend Respondent from the practice of law in this state for six months, retroactive to the date of his interim suspension. The facts, as set forth in the Agreement, are as follows.

**I.**

On May 20, 2022, Respondent was arrested and charged with the following federal misdemeanors arising from his participation in the breach of the United States Capitol on January 6, 2021:

i.     18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds);

ii. 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds);
iii. 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct on Capitol Grounds); and
iv. 40 U.S.C. § 5104(e)(2)(G) (Parade, Demonstrate, or Picket in any of the Capitol Buildings).

On May 23, 2022, Respondent self-reported via email that he had been arrested and charged with the four federal misdemeanors. That same day, ODC filed a petition to place Respondent on interim suspension, to which Respondent consented, and on May 24, 2022, the Court placed Respondent on interim suspension pursuant to Rule 17(a), RLDE, Rule 413, SCACR.[1]

On September 23, 2022, Respondent pled guilty to one count of parading, demonstrating, or picketing in the Capitol, in violation of 40 U.S.C. § 5104(e)(2)(G).[2] The remaining misdemeanor charges were dismissed as part of Respondent's plea agreement.

On December 16, 2022, Respondent was sentenced to thirty-six months of probation with special conditions, which included serving twenty-one days of intermittent confinement (one fourteen-day period and one seven-day period) as well as ninety days of home detention. Respondent was also required to pay a $2,500 fine and restitution in the amount of $500. Respondent has served his terms of confinement and home detention and has paid all fines and restitution.

On January 20, 2025, Respondent was pardoned by presidential proclamation. As a result, his probation, which was originally set to end on December 16, 2025, concluded as of January 21, 2025.

## II.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (prohibiting violating the Rules of Professional Conduct); Rule 8.4(b) (prohibiting committing a criminal act that reflects adversely on the lawyer's fitness as a lawyer); and Rule 8.4(e)

---

[1] *In re Johnston*, 436 S.C. 497, 874 S.E.2d 234 (2022).

[2] Pursuant to this statute, "[a]n individual or group of individuals may not willfully and knowingly . . . parade, demonstrate, or picket in any of the Capitol Buildings."

(prohibiting engaging in conduct prejudicial to the administration of justice).

Respondent also admits he violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline) and Rule 7(a)(5) (providing conduct tending to pollute the administration of justice and conduct demonstrating an unfitness to practice law are grounds for discipline).

In the Agreement, Respondent admits misconduct, agrees to the imposition of a public reprimand or a definite suspension of up to six months, and agrees to pay the investigative and prosecutorial costs incurred in this matter. Respondent also requests that any sanction be imposed retroactively to the date of his interim suspension, to which ODC does not object. Attached to the Agreement is an affidavit in mitigation in which Respondent stated that he "used terrible judgment by entering the US Capitol on January 6, 2021," asserted he knew as a lawyer that he was trespassing when he entered the Capitol but did so anyway, emphasized that he did not participate in any violence or destruction of property, requested that his interim suspension be lifted, and pledged to not repeat this type of behavior again.

## III.

We find a six-month definite suspension is warranted in this matter. Accordingly, we accept the Agreement and suspend Respondent from the practice of law for a period of six months, retroactive to May 24, 2022, the date Respondent was placed on interim suspension.

Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**